IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ramon Gastelum, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 3389 |
| Asset Acceptance, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Ramon Gastelum, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Ramon Gastelum ("Gastelum"), is a citizen of the State of Arizona, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed originally to Dell Financial Services, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois,

and despite the fact that he had sued Defendant in this District and, as a result of that lawsuit, no longer owed the debt at issue.

4. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Asset operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Asset is a bad debt buyer that buys up large portfolios of delinquent consumer debts for pennies on the dollar, which it then seeks to collect directly, or through other debt collectors.

6. Defendant Asset is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Asset conducts extensive and substantial business in Illinois.

7. Defendant Asset is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Asset acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8. Mr. Gastelum is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed to Dell Financial

Services. At some point in time after that debt became delinquent, Defendant Asset allegedly bought/obtained Mr. Gastelum's debt, and when Asset began trying to collect this debt from him, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and the collection actions.

9. Accordingly, January 23, 2013, Mr. Gastelum's attorneys at LASPD informed Asset that Mr. Gastelum was represented by counsel, and directed Asset to cease contact and to cease collection activities because Mr. Gastelum was forced, by his financial circumstances, to refuse to pay his unsecured debt.

10. Nonetheless, Defendant Asset then had a law firm debt collector send Mr. Gastelum a collection letter, dated January 29, 2013, which demanded payment of the Dell Financial Services debt.

11. Accordingly, on February 25, 2013, Mr. Gastelum's LASPD attorney had to send another letter, again directing Asset to cease communications and to cease collections.

12. Defendant Asset's improper collection actions caused Mr. Gastelum to file a lawsuit against Asset on March 21, 2013, in a matter styled <u>Gastelum v. Asset Acceptance</u>, No. 13 C 2181 (N.D. Ill.)(Kennelly, J.). This lawsuit was settled, via a settlement agreement dated April 3, 2013. This settlement provided for, among other relief, the elimination of the debt at issue, including dismissal, with prejudice, of a lawsuit that Defendant had filed against Mr. Gastelum as to the Dell Financial Services debt.

13. Instead of dismissing the collection lawsuit, on April 17, 2013, Defendant Asset sent Mr. Gastelum a collection letter that claimed that he still owed the Dell

Financial Services debt. A copy of this letter is attached as Exhibit C.

14. Moreover, on April 18, 2013, Asset had Mr. Gastelum served with the summons and complaint for the lawsuit that was supposed to have been dismissed. Copies of this summons and complaint are attached as Group Exhibit D.

15. All of this caused Mr. Gastelum great emotional distress, embarrassment and out-of-pocket expenses.

16. Defendant Asset's collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendant Asset's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from counsel, the prior lawsuit, and the settlement, all repeatedly told Defendant to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment (Exhibit C), Defendant Asset violated § 1692c(c) of the FDCPA.

21. Defendant Asset's violations of § 1692c(c) of the FDCPA render it liable

4

for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

24. Defendant unequivocally knew that Mr. Gastelum was represented by counsel in connection with his debts because his attorneys at LASPD, and in the prior lawsuit, had repeatedly informed Defendant, in writing, that Mr. Gastelum was represented by counsel, and had directed a cessation of communications with Mr. Gastelum. By sending a collection letter to Mr. Gastelum (Exhibit C), despite being advised that he was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

25. Defendant Asset's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C.§1692k.

## COUNT III
### Violations Of § 1692e Of The FDCPA -- Demanding Payment Of A Debt That Is Not Owed, And Taking An Action That Could Not Be Legally Taken

26. Plaintiff adopts and realleges ¶¶ 1-17.

27. Section 1692e of the FDCPA prohibits a debt collector from using any

5

false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, also forbidden is the taking of any action that cannot be legally taken, see, 15 U.S.C. § § 1692e(5).

28. Demanding payment (Exhibit C) of a debt that is no longer owed is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. See, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004). Moreover, continuing the prosecution of a lawsuit that it had no right to proceed upon (Exhibit D), is an additional violation of § 1692e of the FDCPA.

29. Defendant Asset's violations of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT IV
Violation Of § 1692f Of The FDCPA --
Unfair Or Unconscionable Collection Actions**

30. Plaintiff adopts and realleges ¶¶ 1-17.

31. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt. See, 15 U.S.C. § 1692f.

32. Defendant's post-settlement on-going collection actions (Exhibits C and D), on a debt that is no longer owed, constitute the use of unfair or unconscionable means to collect a debt, in violation of § 1692f if the FDCPA.

33. Defendant Asset's violations of § 1692f of the FDCPA render it liable for

6

actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ramon Gastelum, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Gastelum, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ramon Gastelum, demands trial by jury.

                                        Ramon Gastelum,

                                        By: /s/ David J. Philipps
                                        One of Plaintiff's Attorneys

Dated: May 6, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com